CAROLYN PRATT PERRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perry v. Commissioner
Docket No. 13549-87.
United States Tax Court
T.C. Memo 1988-280; 1988 Tax Ct. Memo LEXIS 306; 55 T.C.M. (CCH) 1164; T.C.M. (RIA) 88280; June 28, 1988. *306 Carolyn Pratt Perry, pro se. Janice Chenier Taylor, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: In his notice of deficiency dated May 11, 1987, respondent determined a deficiency for the taxable year 1984 in the amount of $ 244, an addition to tax under section 6653(a)(1) [1] of $ 37, and an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 244. By Amendment to Answer respondent asserted an increased deficiency in the amount of $ 948 and increased additions to tax under sections 6653(a)(1) and (2) in the amount of $ 27.60 and 50 percent of the interest due on $ 1,292, respectively. [2]
The issues for decision are (1) whether dividend income *307 petitioner received from a Merrill Lynch Ready Asset account is taxable to her or to her two children; and (2) whether petitioner is liable for the negligence additions. [3]
When she filed her petition in this case, petitioner resided in Baton Rouge, Louisiana. FINDINGS OF FACT In 1980 petitioner's parents gave petitioner and each of her children, Elizabeth (Beth) and Leonard (Tad) $ 6,000 apiece. Beth and Tad were then 8 and 10 years of age. Petitioner commingled the money and deposited all $ 18,000 in a Merrill Lynch Ready Asset account in her own name. From the day of deposit to February 25, 1985, petitioner exercised complete control over this account. She withdrew various amounts from time to time. She used the money for a trip to Europe with the children, to pay her personal income taxes, and for various other purposes which she cannot now recall with specificity. Petitioner kept no records of how the *308 money was spent or what, if any, portion was spent for the children's benefit. On January 1, 1984, the account's balance was $ 7,964, its highest balance that year. At the end of 1984, $ 6,737.71 remained. The account earned $ 690.51 in dividend income during 1984. Merrill Lynch issued a Form 1099-DIV to petitioner showing the dividend paid. She wrote across her copy, "Custodian for Beth and Tad." She also prepared a Form 1099-INT for each of her children showing herself as payer and each child as recipient of "1/2 of $ 690.51 or $ 346.25." [4]
Respondent had previously questioned ownership of the funds in the Merrill Lynch account as early as 1983. Taxability of the dividend was an issue in Perry v. Commissioner, docket No. 6507-83 in this Court, concerning tax year 1980. The dividend issue in that case was settled. Petitioner *309 had reported 56 percent of the dividend as attributable to herself, and that was accepted by respondent. Petitioner testified that in 1984 she asked her Merrill Lynch account manager to change the designation on the Ready Assets account to show herself as custodian for the children. Because petitioner also had a cash management account with Merrill Lynch (used as a personal checking account) she was told she could not make the change since a new separate account would be required. Petitioner did not offer any documents or other witnesses to substantiate this. On February 25, 1985, petitioner liquidated the account, which then contained $ 6,817.70. She then purchased a Certificate of Deposit in River City Federal Savings Bank as custodian for the children. However, she cashed the Certificate of Deposit prematurely on May 13, 1985, receiving $ 6,679.25. [5] Also on May 13, 1985, petitioner "borrowed" the $ 6,679.25 from the children, and executed a demand note in that amount payable at 12 percent interest. Petitioner *310 has never repaid the loan. She has paid the interest ($ 33.40 per month to each child) into separate accounts in the children's names at the Post Office Employee's credit Union, Shreveport, Louisiana. These accounts were opened for the children by petitioner's parents several years ago. Besides the interest payments described above, the credit union accounts included gifts from the grandparents and the children's own earnings as they grew old enough to hold part-time jobs. From June 14, 1985 to March 14, 1988, petitioner has paid into the accounts a total of $ 2,271.20 interest. However, she recently withdrew $ 3,000 from the children's accounts ($ 1,500 from each), again signing notes to the children. Petitioner is not certain how much money remains in the children's accounts. OPINION Petitioner has exercised complete dominion and control over the children's money. At the end of 1984 petitioner had spend virtually the entire $ 12,000 (taking into account interest that would have been earned on the children's money). She made no attempt to trace the money spent nor to keep any records which would indicate it was spent for the children's benefit. We cannot accept her *311 theory that the money remaining in the account in 1984 belonged to the children. We are not persuaded otherwise by the note signed by petitioner in 1985. If that note truly represented funds borrowed from the children by petitioner, it should have been in the amount of $ 12,000 plus the interest earned thereon from 1980, not in the amount of $ 6,679.25. Furthermore, even the interest paid on that note (and more) has again been "borrowed" by petitioner for her own use. Petitioner has the burden of proving respondent erred in his notice of deficiency. ; Rule 142(a). Petitioner has failed to persuade us that the interest earned on the funds remaining in the Merrill Lynch account in 1984 is taxable to the children and not to her. We hold that the interest was properly includable in petitioner's gross income, since she retained full control over the disposition of the funds. [6]
Petitioner has likewise failed to prove she is not liable for the additions to tax for negligence. We find that she is liable for such additions with regard to the *312 amount of the underpayment attributable to the interest issue, i.e., $ 244. We reserve the issue of increased additions to tax attributable to the issue under submission in docket No. 6507-83, by which the parties have agreed to be bound. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. These are the figures set forth in respondent's Amendment to Answer. However, we note that the deficiencies add up to $ 1,192, not $ 1,292; thus the additions to tax would have to be based on the lower amount. ↩
3. With regard to a third issue, on which respondent has the burden of proof, the parties have stipulated to be bound by the decision in Perry v. Commissioner,↩ docket No. 6507-83, which has been tried before this Court and is currently awaiting decision. 4. Copy C of each of these forms was stipulated in evidence as Exhibit 5-E. Petitioner testified these copies were attached to her return; however, they were not a part of stipulated Exhibit 1-A, petitioner's 1984 income tax return. Petitioner testified she could not recall whether she filed copies A or B of these Forms 1099-INT with IRS. ↩
5. Apparently the amount received from the CD is less than the amount withdrawn from Merrill Lynch because of a penalty for early withdrawal of the CD. ↩
6. See . ↩